# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Unknown Party, et al., | No. CV-15-01768-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| GoDaddy.com LLC, et al., | |
| Defendants. | |

On September 11, 2015, Plaintiffs John Doe 1, John Doe 2, and John Doe 3 filed a "Notice of Application and *Ex Parte* Application for Temporary Restraining Order [("TRO")] and an Order to Show Cause re: Preliminary Injunction[.]" Appl'n (Doc. 15) at 1:14-17 (emphasis omitted). This application is supported by the declaration of Karl S. Kroenenberger (Doc. 16), one of Plaintiffs' attorneys, and the exhibits thereto (Doc. 16-1). As part of this application, Plaintiffs are seeking early discovery to identify the names of the three Roe defendants, whom have yet to be served with the complaint in this action.

**I. Background**

This lawsuit arises from the recent theft by anonymous hackers of massive amounts of private consumer data from the adultery website and dating service known as "Ashley Madison." Plaintiffs allege that anonymous Defendants (identified in the complaint as John Roe 1, John Roe 2, and John Roe 3) (the "Roe Defendants") acquired stolen confidential information from the anonymous hackers and then published that

information on websites which these Defendants own and operate. More specifically, defendant John Roe 1 allegedly owns and operates the websites located at "<ashleymadisonpowersearch.com>, and <adulterysearch.com>." Co. (Doc. 1) at 4, ¶ 17. Defendant John Roe 2 allegedly owns and operates the website located at "<ashleymadisoninvestigations.com>." (*Id*. at 4-5, ¶ 19). Defendant John Roe 3 allegedly owns and operates the website located at " <greyhatpro.com>." (*Id*. at 5, ¶ 20). Collectively, the Court will refer to these as the Roe websites.

Originally, Plaintiffs also named GoDaddy.com, LLC ("GoDaddy") and Amazon Web Services, Inc. ("Amazon") as defendants. Both are internet service providers ("ISPs"). *See* Co. (Doc. 1) at 4, ¶ 17. On September 11, 2015, Plaintiffs voluntarily dismissed without prejudice all claims against these ISPs. (Doc. 14). GoDaddy and Amazon "have represented . . . that they will comply with any orders of this Court concerning the Roe Defendants or the websites referenced in the Complaint." (*Id*. at 2:5-7).

Plaintiffs challenge the Roe Defendants' possession of Plaintiffs' personal information, while knowing that the information had been stolen, and the Roe Defendants' operation and hosting of the Roe Websites, which display that stolen information. Plaintiffs allege five separate causes of action. Plaintiffs allege, among others, that Defendants violated: (1) California Penal Code §496; (2) California Business & Professions Code §17200; and c) the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §1030. Plaintiffs are seeking a TRO to essentially requiring the Roe Defendants to disable the Roe websites pending the resolution of this litigation. See Not. (Doc. 15) at 18-19. Plaintiffs maintain that they will suffer irreparable harm if the Roe Websites remain publicly viewable, and that they have otherwise met the requirements for seeking a TRO.

In addition to seeking a TRO, Plaintiffs are seeking early discovery, of an unspecified nature, "for the limited purpose of identifying and serving the Roe Defendants." Not. (Doc. 15) at 19:9. Employing the four part test adopted in *Columbia*

*Ins. Co. v. seescandy.com*, 185 F.R.D. 573 (N.D.Cal. 1999), Plaintiffs maintain that they are entitled to such discovery. *See* Appl'n (Doc. 15) at 15-18. Finally, Plaintiffs are seeking permission to electronically serve the Roe Defendants.

## II. Discussion

### A. Early Discovery

#### 1. Governing Legal Standards

Federal Rule of Civil Procedure 26(d)(1) prohibits discovery without a court order prior to a Rule 26(f) conference between the parties. "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins.*, 185 F.R.D. at 577 (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980)). Courts generally use a "good cause" standard to decide whether to permit such early discovery. *See Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.Cal.2002) (adopting as the "appropriate standards under Rule 26(d)" the "more flexible good cause standard applied in *Yokohama Tire*" *Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D.Ariz. 2001) and other cases). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Id*. at 276.

To determine whether there is good cause to allow early discovery to reveal the identity of an unknown defendant, courts consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*Columbia Ins.*, 185 F.R.D. at 578–80. This Court will briefly consider each of these factors in turn.

#### 2. Application

### a. Identity of Missing Parties

Attorney Kronenberger's declaration and the exhibits thereto, taken together, satisfy this Court that through early discovery Plaintiffs should be able to identify real people or entities associated with the Roe websites. *See* Aff. (Doc. 16) at ¶¶ 13-15, exhs. F-M (Doc. 16-1) at 19-51. The same also convinces this Court that the ISPs are in possession of account information associated with the Roe websites, and that such websites were created by persons, rather than by mechanical means. *See id*. at ¶¶ 24-25, exhs. S-T (Doc. 16-1) at 68-73. Although the Court is satisfied that early discovery may well reveal the identity of the Roe Defendants, it does not necessarily agree with Plaintiffs that ultimately these Defendants "would be subject to the jurisdiction of the Court." *See* Not. (Doc. 15) at 17:6-7. By the same token though, as discussed herein, at this very early stage in the litigation, Plaintiffs have sufficiently pled personal jurisdiction. Therefore, the first *Columbia Ins*. factor favors early discovery.

### b. Steps Taken to Locate Defendants

Attorney Kronenberger's declaration also convinces this Court that he and his firm have diligently sought to identify the Roe Defendants prior to seeking Court intervention, and that there are no other means available for identification short of such intervention. *See* Aff. (Doc. 16) at 7, ¶ 26. Therefore, the second *Columbia Ins*. factor also favors early discovery.

### c. Withstanding Motion to Dismiss

The third *Columbia Ins*. factor requires the Court to consider with Plaintiffs' action could survive a motion to dismiss. Such a showing is necessary "to prevent abuse of this extraordinary application of the discovery process and to ensure that plaintiff has standing to pursue an action against defendant." *Columbia Ins.*, 185 F.R.D. at 579-580 (citation omitted). Among other claims, Plaintiffs allege that Defendants violated the CFAA. As outlined in Plaintiffs' Application, it appears that they could survive a motion to dismiss as to such claim. *See* Not. (Doc. 15) at 11-12. Because the Court is persuaded that Plaintiffs have sufficiently alleged a CFAA claim, it need not determine at this

juncture whether Plaintiffs' other four causes of action could also withstand a motion to dismiss. *See Dead Season LLC v. Doe 1*, 2013 WL 3805590, at *5 n. 2 (citing cases).

Plaintiffs did not address the issue of whether they could withstand a motion to dismiss based upon lack of personal jurisdiction. The complaint alleges that Defendants "do substantial business in Arizona and purposefully direct substantial activities as [sic] the residents of Arizona by means of the Internet services and websites described herein." Co. (Doc. 1) at 3, ¶ 10. The complaint further alleges that "Defendants, and each of them, have done substantial and continuous business with Arizona residents and have purposefully directed substantial and pervasive activities at the residents of Arizona such that each can and should reasonably expect to be haled into the courts of Arizona." (*Id.*). Plaintiffs' attorney signed this complaint, thus attesting that the allegations therein comport with Fed.R.Civ.P. 11. Therefore, based upon these good faith allegations, at this early stage in the proceedings, it appears that Plaintiffs have alleged sufficient facts to survive a motion to dismiss for lack of personal jurisdiction. Consequently, this factor too favors early discovery.

### d. Reasonable Likelihood of Identification

The final *Columbia Ins*. factor pertains to whether the discovery sought will reveal the identities of the unknown Defendants. *AF Holdings LLC v. Does 1-96*, 2011 WL 5864174, at * 4 (N.D.Cal. Nov. 22, 2011) (citing, *inter alia*, *Gillespie*, 629 F.2d at 642–43 (stating that early discovery to identify doe defendants should be allowed "unless it is clear that discovery would not uncover the identities"). The record as presently constituted persuades this Court that there is a reasonable likelihood that through early discovery Plaintiffs will be able to identify the Roe Defendants to allow for service of process. Upon registering a domain name or hosting a website, the ISPs require account holders to provide personal contact information, such as names and addresses. *See* Aff. (Doc. 16) at 6, ¶¶ 24-25, exh. S (Doc. 16-1) at 68-69 and exh. T (Doc. 16-1) at 71-73. Therefore, there is a strong likelihood that the ISPs will possess such identifying information for the Roe Defendants. Moreover, if limited discovery to reveal the

identities of the Roe Defendants is not allowed, Plaintiffs could not proceed with this lawsuit.

In short, because it is not "'clear that discovery would not uncover the identities'" of the unknown Defendants, and because it is also not clear "'that the complaint would be dismissed on other grounds[,]'" Plaintiffs will be allowed to proceed with early discovery to determine the identities of the Roe Defendants. *See Dallas Buyers Club, Inc. v. Doe-75,81.191.27*, 2015 WL 5155844, at *1 (S.D.Cal. Sept. 2, 2015) (quoting *Gillespie*, 629 F.2d at 642). This is in keeping with a district court's discretion "to grant discovery to determine jurisdictional facts[.]" *Columbia Ins.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)).

In granting this request, the Court is keenly aware that it must consider possible prejudice to the Roe Defendants. *See Semitool*, 208 F.R.D. at 276. To minimize any potential prejudice to the Roe Defendants, while at the same time balancing the Plaintiffs' right to pursue this lawsuit, the Court is narrowly tailoring the allowable discovery. At this juncture, Plaintiffs shall be allowed to obtain through ISPs, GoDaddy and Amazon, only the names, addresses and e-mail addresses of the Roe Defendants.

### B. Electronic Service

Plaintiffs further seek permission to serve the TRO on the Roe Defendants "through electronic means reasonably calculated to reach" them. Not. (Doc. 15) at 18:16 (emphasis omitted). Service by this means is necessary, Plaintiffs contend, because without the names and addresses of the Roe Defendants, obviously Plaintiffs cannot effectuate personal service. The Court agrees, and thus in the exercise of its discretion allows Plaintiffs to electronically serve a copy of this Order.

### C. Temporary Restraining Order

Adopting the *Columbia Ins.* rationale, this Court "will not grant a temporary restraining order against [the Roe] defendants at this time because such a ruling would be futile." *See Columbia Ins.*, 185 F.R.D. at 577. "Plaintiff[s] ha[ve] not been able to collect the information necessary to serve the complaint on [these] defendants. As a result

any temporary restraining order issued could only be in effect for a limited time and would be unlikely to have any effect on defendant[s] whom plaintiff[s] has not yet located." *Id*. Furthermore, "[o]nce the order expired plaintiff[s] would be unable to obtain a preliminary injunction because such relief cannot be imposed *ex parte*[,]"except under very limited circumstances which have not been shown on this record. *Id*. In other words, to facilitate the orderly administration of justice, the Court denies without prejudice to renew Plaintiffs' application for a TRO.

### III. Conclusion

Accordingly,

**IT IS ORDERED DENYING** without prejudice to renew Plaintiff's Notice and *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction (Doc. 15), except insofar as Plaintiffs are seeking early discovery and service by electronic means;

**IT IS FURTHER ORDERED** that Plaintiffs shall be allowed to conduct early discovery as follows:

1. Plaintiffs may immediately serve a subpoena, pursuant to Fed.R.Civ.P. 45, to Internet Services Providers GoDaddy.com, LLC and Amazon Web Services, Inc. to identify only the names, addresses and e-mail addresses of the Defendants John Roe 1-3, allegedly the owners/operators of the following websites: (1) <ashleymadisonpowersearch.com> and <adulterysearch.com>; <ashleymadisoninvestigations.com>; and <greyhatpro.com>. Plaintiffs shall serve a copy of this Order with any subpoenas served upon the ISPs identified above.

2. To the extent an entity served with a subpoena or other discovery request pursuant to this Order is a cable operator as that term is defined in 47 U.S.C. §522(5), that entity is authorized to disclose the subscriber's personally identifiable information to the extent such disclosure is necessary to comply with the subpoena or other discovery request, pursuant to 47 U.S.C. §551(c)(2)(B).

3. Within **seven (7) calendar days** after service of the subpoenas, the ISPs shall

notify the Defendants John Roe 1-3, as described in paragraph (1) above, that their identities are sought by Plaintiffs and shall provide such Defendants with a copy of this Order. The ISPs shall preserve the information sought by Plaintiffs in the subpoenas.

4. Any information disclosed to Plaintiffs in response to the subpoenas issued in accordance with paragraph one (1) may not be used for any improper purpose and may only be used to pursue this litigation.

5. No other discovery is authorized at this time.

**IT IS FINALLY ORDERED** that, because Defendants' identities are presently unknown, Plaintiffs may serve this Order upon Defendants through electronic means that are reasonably calculated to reach Defendants, such as email addresses or "Contact Us" submission portals provided on Defendants' websites.

**Dated** this 16th day of September, 2015.

Honorable Diane J. Humetewa
United States District Judge